MEI LAN ONG, a/k/a Mei Lan Weng, Petitioner,

v.

BUREAU OF CITIZENSHIP AND IMMIGRATION SERVICES, Respondent.

No. 07–4877–ag.

United States Court of Appeals, Second Circuit.

June 26, 2008.

John Chang, New York, N.Y., for Petitioner.

Gregory G. Katsas, Acting Asst. Atty. General, Civil Div., Anthony C. Payne, Senior Litigation Counsel, Lindsay E. Williams, Atty., Office of Immigration Litigation, United States Department of Justice, Wash., D.C., for Respondent.

PRESENT: Hon. JON O. NEWMAN, Hon. GUIDO CALABRESI and Hon. B.D. PARKER, Circuit Judges.

### SUMMARY ORDER

Mei Lan Ong, a native and citizen of China, seeks review of an October 22, 2007 order of the BIA denying her motion to reopen her removal proceedings and request to file a successive asylum application. *In re Mei Lan Ong,* No. A77 297 798 (B.I.A. Oct. 22, 2007). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the denial of a motion to reopen for abuse of discretion. *See Kaur v. BIA,* 413 F.3d 232, 233 (2d Cir.2005) (per curiam). "An abuse of discretion may be found ... where the [BIA's] decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Ke Zhen Zhao v. U.S. Dep't of Justice,* 265 F.3d 83, 93 (2d Cir.2001) (internal citations omitted). In reviewing the BIA's denial of a motion to reopen, we remain mindful of the Supreme Court's admonition that motions to reopen are "disfavored." *See Maghradze v. Gonzales,* 462 F.3d 150, 154 (2d Cir.2006).

The Supreme Court has made clear that the agency may properly deny a motion to reopen in its discretion, irrespective of the movant's eligibility for relief. *See INS v. Abudu,* 485 U.S. 94, 105, 108 S.Ct. 904, 99 L.Ed.2d 90 (1988); *INS v. Doherty,* 502 U.S. 314, 323–24, 112 S.Ct. 719, 116 L.Ed.2d 823 (1992). Here, the BIA denied Ong's motion as a matter of discretion based on the fact that the basis for her motion—the birth of her two children in the United States—occurred long after her order of removal became final and, therefore, she should have been aware of the risk of removal. Ong has waived any challenge to that discretionary denial. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 545 n. 7 (2d Cir.2005) (holding that issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal). Because the BIA's exercise of discretion was alone a dispositive basis for the denial of Ong's motion, we need not address its alternate findings that she failed to establish changed country conditions excusing the untimely filing of her motion or her *prima facie* eligibility for the underlying relief she sought.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending re-

quest for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).